208 P.2d 156

**TEAVER v. MILLER et al.**

**No. 5175.**

Supreme Court of New Mexico.

July 5, 1949.

E. Forrest Sanders, Lordsburg, Robert J. Barrett, Lordsburg, for appellants.

Chester A. Hunker, Clovis, James J. McNamara, Clovis, for appellee.

COMPTON, Justice.

Plaintiff, Virgil Teaver, a resident of Texas, instituted this proceeding in Curry County, New Mexico. The defendants, Velma Miller and Oscar Malone, are residents of Luna County, New Mexico, where they were served with process. The defendant, Clovis Cattle Commission Company, is a resident of Curry County, New Mexico. The defendant Citizens Bank of Clovis is a corporation with its situs in Curry County, New Mexico, and operates a branch bank at Fort Sumner, New Mexico, and the defendant, Mimbres Valley Bank is a corporation with its situs at Deming, New Mexico.

The complaint alleges that on the 2d and 3d day of June, 1948, plaintiff sold cattle through the defendant, Clovis Cattle Commission Company, and received therefor three checks in the amounts of $4,344.-31, $3,429.26, and $2,534.20, respectively; that immediately thereafter plaintiff was induced by one Sam Davis to accompany him to the home of the defendant, Velma Miller, in Luna County, New Mexico, where the defendant Miller had cattle for sale. It further alleges that upon arrival at the Miller home plaintiff was supplied with intoxicants and became intoxicated and remained in such condition for several days; that while so intoxicated, plaintiff engaged in a game of chance with the defendants Miller and Malone and that they won the three checks in question. Plaintiff prays that the said checks be cancelled, and for injunctive relief against the defendant, Citizens Bank of Clovis and its Fort Sumner Branch, from transferring, assigning, negotiating, honoring, or passing the checks.

Defendants Miller and Malone, appearing specially, moved the court that the cause be dismissed for lack of venue, or, in the alternative, that it be transferred to the District Court of Luna County, the county in which the defendants Miller and Malone reside.

Shortly thereafter, on June 30, 1948, a hearing was held upon plaintiff's application for a restraining order. The restraining order was continued during the pendency of the action, and defendants' motion to dismiss was denied.

On July 13, 1948, at Clovis, Curry County, New Mexico, all parties present and participating, the cause was tried on the merits. The defendants Miller and Malone were then represented by attorneys Richard F. Rowley of Clovis, New Mexico, and George S. McCarthy of Amarillo, Texas, and plaintiff being represented by Chester A. Hunker and J. J. McNamara. The following proceedings appear in the record:

"The Court: You have some announcement to make for lack of an answer at this time.

"Mr. Rowley: Your honor, I have not had an opportunity, I didn't have a copy of the amended complaint, I haven't had an opportunity to draw an answer yet but it has been agreed between counsel that the testimony of the plaintiff and the defendant, Mrs. Miller, as heretofore given at the time of the hearing on the temporary restraining order can be considered by the Court as the full testimony in the case and the case can be decided on that testimony. I will file an answer for Mrs. Miller setting up that she is a holder in due course of the particular check which was cashed and which she deposited in her bank account and asking that relief be denied on that check; and the answer for the other principal defendant, Oscar Malone, will be in the way of a general denial.

"The Court: Leave will be granted to file an answer as outlined, at a subsequent time. Is it so stipulated gentlemen, that the announcement made in the beginning by Mr. Rowley about the testimony * * *

"Mr. McNamara: That's right, sir.

"The Court: Stipulation will be received. Any remarks, gentlemen?

 *     *     *     *     *     *

"The Court: An Order may be entered canceling all of the three checks issued by the Clovis Live Stock Commission Company to the plaintiff, Teaver, and the defendant, Mimbres State Bank, will be ordered to surrender to the plaintiff, Teaver,. the funds in their custody, yet remaining out of the third check. The plaintiff will pay the cost, attorneys fees incurred by the Mimbres State Bank in filing action and his cost as expended in filing. In other words, each party will pay its own witness fees and costs.

"Mr. Rowley: We except."

Judgment was entered for plaintiff cancelling the checks in question and directing the Clerk of the Court to pay to the plaintiff the sum of $6,878.51, said amount theretofore having been paid into the court by the defendant, Citizens Bank of Clovis, New Mexico, and directing the defendant, the Mimbres Valley Bank of Deming, New Mexico, to pay the Clerk of the Court the sum of $2,406.01, the balance of the remaining check.

The court did not make findings of fact or conclusions of law. Defendants neither requested specific findings of fact and conclusions of law, nor excepted to the failure of the court to make findings. The defendant Miller alone prosecutes this appeal.

As grounds for reversal of the judgment, defendant Miller argues two propositions, (a) improper venue, and, (b) that judgments must be supported by findings of fact or by evidence. As to the first proposition,

she relies upon Sec. 19-501, New Mex. Stat.1941 Comp., sub-section (2), which reads: "When the defendant has rendered himself liable to a civil action by any criminal act, suit may be instituted against such defendant in the county in which the offense was committed, or in which the defendant may be found, or in the county where the plaintiff resides."

On the other hand, plaintiff contends that the cause is transitory and relies upon subsection (1) of the Act, which reads in part: "* * * all transitory actions shall be brought in the county where either the plaintiff or defendant or *some one of them,* in case there be more than one (1) of either, resides; * * *." (Emphasis ours.)

At 56 Am.Jur. "Venue", Sec. 30, the rule is stated: "Under statute in many jurisdictions it is permissible to lay the venue of a transitory action in which there are several defendants in the county of the residence of any one of them against whom substantial relief is prayed. Process may be served out of the County on the other defendants. * * * *Under a statute of this kind the residence of one of the defendants determines the venue of the action against all.* It is essential, however, that the defendant whose residence is made determinative of the venue of the action be a necessary party to the action and not one joined solely to justify the bringing of the action in the county of his residence.

In every case the true test to determine whether or not the venue is proper, so that the summons may issue to another county, is whether the defendant served in the county where the suit is brought, is a bona fide defendant to the action and whether his interest in the result of the action is in any manner adverse to that of the plaintiff with respect to the cause of action against the other defendants. In equity actions may be added the inquiry whether or not the plaintiff can obtain *full, suitable, and satisfactory relief without joining such party and binding him by the terms of the judgment and decree."* (Emphasis ours.)

And, as to necessary parties, at 28 Words and Phrases, Perm.Ed., page 231, we find: "* * * Persons having an interest in the controversy and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it, are commonly termed 'necessary parties'; but, if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. Hanson v. Bowman, 199 Minn. 70, 271 N.W. 127." See also Roberts v. Bludworth, Tex. Civ.App., 295 S.W. 210.

Obviously, the defendant, Citizens Bank of Clovis, was a necessary party to any judgment to be rendered. It was the holder of the funds and liable therefor. Indeed, had said defendant Bank paid the checks it would have rendered itself liable to plaintiff for the full amount. We so held in Farmers' State Bank of Texhoma v. Clayton Nat. Bank, 31 N.M. 344, 245 P. 543, 46 A.L.R. 952, construing the provisions of Sec. 25-1001, New Mex.Stat.1941 Comp., that a draft though accepted in due course, when the consideration therefor was money won at gambling, was void. Defendant Miller makes no denial that the check in question was won by the defendant Malone, but asserts that she was a holder in due course.

Defendant next contends that there is no evidence to support the judgment and that the court erred in failing to make findings of fact and conclusions of law. Defendant cannot complain in this regard. "A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions." Rule 52, our Rules of Civil Procedure, sub-paragraph (B) (6), 1941 Comp. § 19-101. See also Carlisle v. Walker, 47 N.M. 83, 136 P.2d 479, and Prater v. Halloway, 49 N.M. 353, 164 P.2d 378. Consequently, this court is not called upon to review the evidence to determine wheth-er it supports the judgment. A casual inspection of the record, however, fairly satisfies us that the complaining defendant suffers no prejudice for lack of such review.

Sam Davis, a friend of the defendant Miller, under pretense of negotiating a sale of cattle to plaintiff, induced plaintiff to go with him to the home of the defendant Miller in Deming, New Mexico. They arrived late Friday night or early Saturday morning. Plaintiff was soon engaged in a poker game with the defendant Malone and at that time lost to the defendant Malone the check for $3,429.26. On Sunday, the defendant Miller went to Clovis, New Mexico and shortly after the Citizens Bank of Clovis opened its doors for business Monday morning, cashed the check and obtained a cashier's check therefor. Returning to Deming Tuesday, she deposited the same to the joint account of herself and a minor daughter in the Mimbres Valley Bank. Previous to the issuance of the restraining order she had reduced the account to $2,-406.01. The plaintiff remained intoxicated at the Miller home for several days. He continued to gamble and the defendant Malone won the remaining two checks and other sums from the plaintiff. On, or about, the 10th of June the defendant Malone presented the remaining checks, aggregating $6,878.51, to the Fort Sumner Branch of the Citizens Bank of Clovis for payment, but payment had been stopped.

Plaintiff's son, learning of his condition and whereabouts, came from another state and took him to his home in Texas. The $3,429.26 check, won by defendant Malone and cashed by the defendant Miller, does not bear his endorsement. These facts and circumstances, are convincing that the ends have been achieved.

The judgment will be affirmed and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.