40 P.3d 1042 (2002)
131 N.M. 585
2002-NMCA-022
Judilia TOSCANO, Plaintiff-Appellee,
v.
Augustin LOVATO and Dairyland Insurance Company, Defendants-Appellants.
No. 22,150.
Court of Appeals of New Mexico.
January 2, 2002.
*1043 Narciso Garcia, Jr., Garcia Law Office, Albuquerque, NM, for Appellee.
Jeffrey E. Jones, Miller, Stratvert & Torgerson, P.A., Santa Fe, NM, for Appellants.

OPINION
PICKARD, Judge.
{1} In this case, we are asked to consider the implications, on the issue of venue, of Raskob v. Sanchez, 1998-NMSC-045, 126 N.M. 394, 970 P.2d 580, which held that a plaintiff may join a defendant's insurer in an action arising out of an automobile accident. After Plaintiff and Defendant Lovato, both residents of Bernalillo County, were involved in an automobile accident within that county, Plaintiff brought suit against Lovato and, pursuant to Raskob, Lovato's insurer, Dairyland Insurance Co. Plaintiff filed her action in Santa Fe County. Defendants moved to *1044 dismiss, arguing that venue would be proper only in Bernalillo County. The district court denied Defendants' motion, but permitted an interlocutory appeal pursuant to NMSA 1978, § 39-3-4(A) (1999), and we granted Defendant's application for appeal.
{2} Defendants argue that under our venue statute, NMSA 1978, § 38-3-1 (1988), Plaintiff could bring this action only in Bernalillo County. Defendants argue that, in accordance with Sunwest Bank v. Nelson, 1998-NMSC-012, ¶¶ 12-13, 125 N.M. 170, 958 P.2d 740, out-of-state insurance companies are not foreign corporations for the purposes of the venue statute. As a result, they argue, Plaintiff was required to base her venue selection on the options available under Subsection A of the venue statute, rather than Subsection F, which governs actions brought against foreign corporations. If Subsection A governs this action, then venue will be proper only in Bernalillo County. In the alternative, Defendants argue that Plaintiff cannot rely on the residency of an insurance company joined pursuant to Raskob in selecting venue, because the insurer is not a necessary and indispensable party to the action.
{3} Addressing Defendant's second argument first, we do not agree that venue must be based on a necessary and indispensable party, and instead hold that Plaintiff could base her venue decision on the residence of any proper party. Moving on to interpret the venue statute, we agree with Defendants that, under Sunwest Bank, out-of-state insurance companies are not foreign corporations for the purposes of the venue statute, and therefore the provisions of Subsection F relating to suits brought against foreign corporations do not apply. Nonetheless, we do not agree with Defendants that Plaintiff's venue selection is governed by Subsection A. Instead, we hold that foreign insurers are to be treated as nonresidents for the purposes of the venue statute, and therefore are subject to suit in any county within the state.
{4} In summary, we hold that (1) Plaintiff could base her venue decision on the residence of any proper party; (2) out-of-state insurance companies are not foreign corporations for the purposes of the venue statute, and therefore the provisions of Subsection F relating to suits brought against foreign corporations do not apply to actions against foreign insurers; and (3) foreign insurers are to be treated as nonresidents for the purposes of the venue statute, and therefore are subject to suit in any county within the state. Because Dairyland, as a nonresident, is subject to suit in any county, venue for this action was proper in Santa Fe County. We therefore affirm the decision of the district court denying Defendants' motion to dismiss for improper venue.

FACTS AND PROCEEDINGS
{5} Dairyland is an insurance company organized under the laws of the State of Wisconsin and certified to do business in New Mexico. Plaintiff brought her action in Santa Fe County on the theory that Dairyland is a foreign corporation, and therefore her venue options are governed by Subsection F of the venue statute, Section 38-3-1. Subsection F provides:
Suits may be brought against transient persons or non-residents in any county of this state, except that suits against foreign corporations admitted to do business and which designate and maintain a statutory agent in this state upon whom service of process may be had shall only be brought in the county where the plaintiff, or any one of them in case there is more than one, resides or in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred or in the county where the statutory agent designated by the foreign corporation resides.
Plaintiff argues that, in this case, venue is proper in Santa Fe County because Dairyland, in compliance with NMSA 1978, § 59A-5-31(A) (1984), has appointed the Superintendent of Insurance as its statutory agent to receive service of process. Because the Superintendent of Insurance "resides" in Santa Fe County, Plaintiff argues that venue is proper there under Subsection F. There is no other basis for venue in Santa Fe County.
{6} In support of their motion to dismiss, Defendants argue that, under our Supreme Court's holding in Sunwest Bank, foreign insurers are not foreign corporations for the *1045 purposes of the venue statute. As a result, they argue, the provisions of Subsection F providing venue options for actions against foreign corporations do not apply. Defendants contend that Subsection A of the venue statute should govern this action. Subsection A provides that:
First, except as provided in Subsection F of this section relating to foreign corporations, all transitory actions shall be brought in the county where either the plaintiff or defendant, or any one of them in case there is more than one of either, resides; or second, in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred; or third, in any county in which the defendant or either of them may be found in the judicial district where the defendant resides.
If Subsection A governs, then the action must be brought within Bernalillo County, because that is the place where both Plaintiff and Defendant Lovato reside and where the accident occurred. In the alternative, Defendants argued that Plaintiff cannot rely on the residence of Dairyland to determine venue because Dairyland is not a necessary and indispensable party to the action. The district court denied Defendants' motion on both grounds.

DISCUSSION
{7} A motion to dismiss for improper venue raises a question of law, which we review de novo. Williams v. Bd. of County Comm'rs, 1998-NMCA-090, ¶ 28, 125 N.M. 445, 963 P.2d 522. Our legislature has provided an expansive venue statute that gives plaintiffs wide latitude in choosing where to bring an action. Sunwest Bank, 1998-NMSC-012, ¶ 10, 125 N.M. 170, 958 P.2d 740. When there are multiple defendants, the residence of one defendant can determine the venue of the entire action. See Cooper v. Amerada Hess Corp., 2000-NMCA-100, ¶ 32, 129 N.M. 710, 13 P.3d 68, cert. granted, 130 N.M. 154, 20 P.3d 811 (2000) (citing Teaver v. Miller, 53 N.M. 345, 349, 208 P.2d 156, 159 (1949)).

A Plaintiff Can Select Venue Based on the Residence of Any Defendant That Is a Proper Party to the Action
{8} We address first Defendants' argument that venue can be based only on a necessary and indispensable party. If we agreed with Defendants' position on this issue, there would be no need to go on to discuss what venue is proper in suits involving Dairyland. However, we do not agree with Defendants' position.
{9} Defendants find support for their argument in Teaver. In that case, our Supreme Court stated that, "It is essential ... that the defendant whose residence is made determinative of the venue of the action be a necessary party to the action and not one joined solely to justify the bringing of the action in the county of his residence." Id. Defendants argue that Plaintiff cannot rely on the residence of Dairyland's statutory agent to select venue because Dairyland is not a necessary and indispensable party.
{10} A necessary and indispensable party is "one whose interests will necessarily be affected by the judgment so that complete and final justice cannot be done between the parties without affecting those rights." Jemko, Inc. v. Liaghat, 106 N.M. 50, 52, 738 P.2d 922, 924 (Ct.App.1987). Defendants acknowledge that Dairyland has an interest in the action, but they argue that judgment could be rendered without Dairyland being joined as a party. Prior to Raskob, they note, automobile accident cases were routinely litigated without insurance companies joined as parties. Clearly, then, judgment can be rendered without the presence of the insurance company.
{11} Defendants' logic is sound, but Defendants overstate the holding of Teaver, and apply too high a standard as a result. The Teaver Court held that venue must be based on necessary parties; it did not require those parties to be indispensable. See Teaver, 53 N.M. at 349, 208 P.2d at 158. For some time now, our courts have expressly drawn no distinction between necessary and indispensable parties. Sellman v. Haddock, 62 N.M. 391, 402, 310 P.2d 1045, 1052 (1957), overruled on other grounds by Safeco Ins. Co. v. United States Fidelity & Guar. Co., 101 *1046 N.M. 148, 150, 679 P.2d 816, 818 (1984). The Teaver Court, however, deciding its case a decade before Sellman, did draw such a distinction. See Teaver, 53 N.M. at 349, 208 P.2d at 158. The Teaver Court defined necessary parties as "[p]ersons having an interest in the controversy and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it...." Id. (internal citation and quotation marks omitted). In contrast, the Court explained that when a party is indispensable, the action cannot proceed without that party and must be dismissed if that party cannot be joined. Id.; see also 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 19.02 (3rd ed.2001) (explaining that a case can proceed without a necessary party if joinder is not feasible, but a case cannot proceed without an indispensable party and must be dismissed if joinder is not feasible). Defendants misread Teaver, therefore, when they argue that venue cannot be based on Dairyland unless the insurer is a necessary and indispensable party, and their reliance on subsequent cases defining indispensable parties is misplaced.
{12} In addition, while the Teaver Court used the term necessary party, other language in the opinion indicates that venue can be based on any proper party to the action. The Court stated that:
In every case the true test to determine whether or not the venue is proper, so that the summons may issue to another county, is whether the defendant served in the county where the suit is brought[ ] is a bona fide defendant to the action and whether his interest in the result of the action is in any manner adverse to that of the plaintiff with respect to the cause of action against the other defendants.
Teaver, 53 N.M. at 349, 208 P.2d at 159 (internal citation and quotation marks omitted). We think this language describes a proper party, rather than a necessary one, and we see no evidence that Defendants' broader interpretation of Teaver has been followed in this state. In the fifty-plus years since Teaver was decided, no other case has held that venue can only be based on a necessary party. In Cooper, we did note the holding in Teaver, but we relied on Teaver only for the proposition that the residence of one defendant determines venue as to the remaining defendants. See Cooper, 2000-NMCA-100, ¶ 32, 129 N.M. 710, 13 P.3d 68. Adopting a broad interpretation of Teaver at this time may open the door to additional procedural battles over which defendant is sufficiently "necessary" to determine venue.
{13} We think that the inquiry under Teaver is similar to the standard applied in federal court, where a defendant must have an actual interest in the litigation and not be a "straw man" brought in to manufacture diversity jurisdiction. See 28 U.S.C. § 1359 (1948); Martinez v. United States Olympic Comm., 802 F.2d 1275, 1279 (10th Cir.1986). We hold that as long as a defendant has an interest adverse to the plaintiff and has not been joined solely to manipulate venue, a plaintiff can select any venue where an action against that party would be permitted by the venue statute. Under the clear holding of Raskob, a defendant's insurer is a proper party in an action arising from an automobile accident. See Raskob, 1998-NMSC-045, ¶ 6, 126 N.M. 394, 970 P.2d 580. Dairyland, therefore, is a proper party to this action, and Plaintiff was entitled to select any venue where an action against Dairyland would be permitted by the venue statute.
{14} Defendants argue, without support, that Plaintiff's sole reason for joining Dairyland was to manipulate venue. We think it is clear, however, that plaintiffs have other motivations for joining insurance companies as defendants. See, e.g., David Berardinelli, Direct Actions After Raskob: Brave New World or Business As Usual?, 27 THE NEW MEXICO TRIAL LAWYER 1 (January 1999) (discussing the strategic advantage plaintiffs might gain from joining insurance companies as defendants); Roger H. Buelow, The Direct Action Threat: Raskob v. Sanchez, 8 NEW MEXICO DLA-NEWS 4 (Winter 1999) (same). Moreover, any inquiry into Plaintiff's motivation must be done by the district court, which can make the proper findings of fact necessary to reach such a conclusion.

*1047 Venue Is Proper in Santa Fe County

{15} Because Dairyland is a proper party to this action, and Plaintiff could validly select any venue where an action against Dairyland would be proper, we must now determine if her choice of Santa Fe County was permitted under the venue statute. Plaintiff first argues that Dairyland is a foreign corporation, and she can therefore rely on the provisions of Subsection F relating to suits brought against foreign corporations in determining venue. Defendants, on the other hand, argue that, under Sunwest Bank, out-of-state insurers are not foreign corporations for the purposes of the venue statute, and therefore the provisions of Subsection F relating to suits brought against foreign corporations do not apply. Plaintiff next argues that, if Defendants are correct in their assertion that Dairyland is not a foreign corporation, then Dairyland is a nonresident and, under Subsection F, is subject to suit in any county in the state. Defendants, however, argue that if we determine that Dairyland is not a foreign corporation, then Subsection A, not Subsection F, applies, and Plaintiff must select venue based on either her residence, Defendant Lovato's residence, or the place where the accident occurred, all of which are in Bernalillo County.
{16} To resolve this dispute over the interpretation of the venue statute, we must first determine whether or not Dairyland is a foreign corporation. If it is not, we must then determine whether Dairyland should be treated as a nonresident, such that it can be sued in any county in the state, or whether Plaintiff is limited to the options under Subsection A, and venue is therefore proper only in Bernalillo County.

1. Dairyland Is Not a Foreign Corporation Under the Venue Statute
{17} Defendants' argument that Dairyland is not a foreign corporation under the venue statute is based on our Supreme Court's holding in Sunwest Bank. In Sunwest Bank, the bank, acting as personal representative for a patient who died while undergoing treatment in Roswell, brought a medical malpractice action against the treating physician. Sunwest Bank, 1998-NMSC-012, ¶ 3, 125 N.M. 170, 958 P.2d 740. The bank brought the action in Bernalillo County, where it had its principal place of business. Id. There was no other basis for bringing the action in Bernalillo County. The physician objected to that venue, relying on Aetna Finance Co. v. Gutierrez, where the Supreme Court held that a foreign corporation, when bringing suit as a plaintiff and selecting among the venue options provided in Subsection A, cannot rely on the location of its local offices as the place where it "resides." 96 N.M. 538, 540-41, 632 P.2d 1176, 1178-79 (1981).
{18} The Sunwest Bank Court held that Aetna Finance Co. did not apply because Sunwest Bank, unlike Aetna, was not a foreign corporation as the term is used in our statutes. Sunwest Bank, 1998-NMSC-012, ¶ 13, 125 N.M. 170, 958 P.2d 740. In making this determination, the Court sought to define the term "foreign corporations." The Court first noted that the venue statute did not provide a definition for foreign corporations. The Court then turned to other statutes for guidance in defining the term. The Court looked to the Business Corporation Act, which defines a foreign corporation as "a corporation for profit organized under laws other than the laws of this state for a purpose or purposes for which a corporation may be organized under the Business Corporation Act." NMSA 1978, § 53-11-2(B) (2001). The Court next cited the portion of the Business Corporation Act, which provides that "[c]orporations may be organized under the Business Corporation Act for any lawful purpose or purposes, except banking [and] insurance." NMSA 1978, § 53-11-3 (1967). The Court then held that Sunwest Bank, which was organized for the purpose of banking, was not a foreign corporation under this definition. Sunwest Bank, 1998-NMSC-012, ¶ 13, 125 N.M. 170, 958 P.2d 740.
{19} Plaintiff urges us to disregard this portion of Sunwest Bank as dicta. Plaintiff argues that the discussion of Subsection F, which applies only to claims brought against nonresidents and foreign corporations, was not necessary to the Court's decision, because Sunwest Bank involved a suit brought by a national banking *1048 association. We disagree. The Court's discussion of Subsection F was necessary to determine Sunwest Bank's residency. If Sunwest Bank was a foreign corporation under Subsection F, then it could not claim residency in Bernalillo County when bringing a suit, and the Court's further analysis would have been unnecessary. See Aetna, 96 N.M. at 540-41, 632 P.2d at 1178-79. Moreover, we should abide by our Supreme Court's clear statement in a recent opinion that appears to have carefully considered the issue presented. Compare State v. Wilson, 116 N.M. 793, 796, 867 P.2d 1175, 1178 (1994) (holding that Court of Appeals acted improperly in issuing opinion abolishing doctrine that Supreme Court had specifically declined to abolish), with Weststar Mortgage Co. v. Jackson, 2002-NMCA-009, ¶ 54-55, 131 N.M. 493, 39 P.3d 710 (refusing to follow a recent Supreme Court case that considered a narrower issue and relied on cases construing an earlier version of one of the pertinent statutes), and State ex rel. Martinez v. City of Las Vegas, 118 N.M. 257, 258-59, 880 P.2d 868, 869-70 (Ct.App.1994) (overruling doctrine that Supreme Court had not reaffirmed or revisited in more than thirty years).
{20} Insurance, like banking, is not a purpose for which a corporation may be organized under the Business Corporation Act. See § 53-11-3. Applying Sunwest Bank, we hold that foreign insurers are not foreign corporations for the purposes of the venue statute, and therefore the provisions of Subsection F relating to suits brought against foreign corporations do not govern actions brought against foreign insurers.

2. Foreign Insurers Are Nonresidents
{21} Having determined that Dairyland is not a foreign corporation, we must now decide whether Dairyland is a resident or nonresident of this state, in order to determine which venue provisions do govern actions against it. In Sunwest Bank, once the Court determined that the bank was not a foreign corporation, it then addressed the question of whether a national banking association, with its principal place of business in this state, is a resident of New Mexico for purposes of venue selection under Subsection A. Sunwest Bank, 1998-NMSC-012, ¶ 16, 125 N.M. 170, 958 P.2d 740. The Court determined that it was. Id. ¶ ¶ 15-16. The Court explained that the legislature treated banks that are organized under national banking laws, but have their principal places of business in New Mexico, as domestic banks. Id. ¶ 15 (citing NMSA 1978, § 58-1A-2(E) (1995)). The Court then concluded that those banks are residents of New Mexico. Id. ¶ 15.
{22} Unlike banks, insurance companies cannot be organized under national laws. See McCarran-Ferguson Act, 15 U.S.C. § 1011 (1945) (leaving regulation of insurance to the states except where Congress has clearly acted). As a result, the residency analysis for insurers will vary somewhat from the Court's analysis in Sunwest Bank. Our Insurance Code differentiates between domestic insurers, see NMSA 1978, § 59A-5-4 (1984), and foreign insurers, see NMSA 1978, § 59A-5-5 (1984). Domestic insurers are organized under the laws of New Mexico; foreign insurers are organized under the laws of other states. Drawing on this distinction, we think that the place of incorporation of an insurance company determines the company's residency status for purposes of the venue statute. Only domestic insurers are residents of this state for the purposes of venue selection; foreign insurers are nonresidents. In this case, it is undisputed that Dairyland is a foreign insurer, organized under the laws of the state of Wisconsin. Dairyland, then, is a nonresident for the purposes of our venue statute.
{23} Defendants' argument that Dairyland cannot be deemed a nonresident because Plaintiff failed to describe the company as such in her Complaint is without merit. We have decided, as a matter of law, that a foreign insurer is a nonresident for purposes of the venue statute. Plaintiff's Complaint described Dairyland as "a foreign corporation licensed to provide insurance coverage within the State of New Mexico." As a result, the Complaint stated the relevant facts necessary to determine Dairyland's residency status. This is all that is required under our Rules of Civil Procedure. See Aetna Cas. & Sur. Co. v. Bendix Control *1049 Div., 101 N.M. 235, 680 P.2d 616 (Ct.App. 1984) (addressing pleading requirements to determine personal jurisdiction).

3. Suits Against Nonresidents Can be Brought in Any County
{24} We have determined that Dairyland is a nonresident, rather than a foreign corporation, for purposes of the venue statute. We must now determine where venue is proper in an action against Dairyland as a nonresident. Subsection F of the venue statute provides that, "[s]uits may be brought against transient persons or non-residents in any county of this state." Defendants, however, argue that the provisions of Subsection A, rather than Subsection F, govern this action. Defendants explain that the provisions of Subsection F dealing with nonresidents are permissive, and therefore must yield to the mandatory provisions of Subsection A. See United Nuclear Corp. v. Fort, 102 N.M. 756, 761, 700 P.2d 1005, 1010 (Ct.App.1985) ("A permissive venue statute must yield to a mandatory venue provision.").
{25} Defendants' reliance on United Nuclear Corp. is misplaced. In United Nuclear Corp., we were asked to choose between two different venue statutes to determine which one was applicable. One statute had mandatory language, while the other was permissive, and we held that the mandatory statute prevails. Id. Here, we are construing one statute, not two. We examine statutes in their entirety, construing each section in connection with every other section. Romero Excavation & Trucking, Inc. v. Bradley Constr., Inc., 121 N.M. 471, 473, 913 P.2d 659, 661 (1996). No part of a statute should be construed so that it is meaningless. Whitely v. N.M. State Pers. Bd., 115 N.M. 308, 311, 850 P.2d 1011, 1014 (1993). The plain language of Subsection F permits suits against nonresidents in any county. Under Subsection A, on the other hand, a plaintiff's choices are limited. If the permissive provisions of Subsection F always "yielded" to Subsection A when suits are brought against nonresidents, then the portion of Subsection F dealing with nonresidents would be meaningless.
{26} Nor do we read Subsection A as mandatory when a suit is brought against a nonresident defendant. Subsection A does contain mandatory language, providing that "all transitory actions shall be brought" in accordance with that subsection, but it also provides a clear exception: "except as provided in Subsection F of this section relating to foreign corporations." There are two ways to read this provision. It could be argued that only the provisions of Subsection F relating to foreign corporations, and not the provisions relating to nonresidents, provide an exception to Subsection A. On the other hand, it could be argued that the entirety of Subsection F, including the provisions relating to nonresidents, is an exception to Subsection A, and that the language "relating to foreign corporations" is descriptive only. We think the latter interpretation is correct. If not, plaintiffs bringing suit against nonresidents would always be required to choose from the options prescribed in Subsection A. Past cases have held directly to the contrary. See Valley Country Club v. Mender, 64 N.M. 59, 61, 323 P.2d 1099, 1100 (1958) ("because the defendant was a non-resident the case could have been brought in any county in the state of New Mexico").
{27} Because Dairyland is a nonresident, Plaintiff could bring suit against the insurer in any county, and Plaintiff was free to choose Santa Fe County. Because venue was proper as to Dairyland, venue was proper as to Defendant Lovato as well. This result might not comport with the intent of the legislature in drafting the venue statute. Subsection F is designed to protect foreign corporations from being subject to suit anywhere in the state by limiting the options available to plaintiffs. See Cooper, 2000-NMCA-100, ¶ 28, 129 N.M. 710, 13 P.3d 68 (discussing the legislative policy embodied in the statute). Under our decision today, that protection is not available to insurers organized under the laws of states other than New Mexico, making those companies amenable to suit statewide. We think the Supreme *1050 Court's holding in Sunwest Bank, however, compels such a result.

CONCLUSION
{28} A plaintiff can base the decision as to venue on the residency of any proper party to the action. In this case, Dairyland, a nonresident, is subject to suit in any county of the state under the clear language of Section 38-3-1(F). Therefore, venue for this cause of action was proper in Santa Fe County, and we affirm the decision of the district court denying Defendants' motion to dismiss for improper venue.
{29} IT IS SO ORDERED.
WE CONCUR: MICHAEL D. BUSTAMANTE, Judge, and IRA ROBINSON, Judge.