2005-NMSC-011

110 P.3d 1071

**Justin BAKER and Bobbie Baker, Plaintiffs–Respondents,**

v.

**BP AMERICA PRODUCTION COMPA-NY, f/k/a Amoco Production Company, a foreign corporation, Defendant–Peti-tioner.**

No. 28,654.

Supreme Court of New Mexico.

March 31, 2005.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Kenneth L. Harrigan, Earl E. Debrine, Jr., Albuquerque, NM, for Petitioner.

Branch Law Firm, Turner W. Branch, Law Offices of Brian K. Branch, Brian K. Branch, Albuquerque, NM, Chain, Younger, Cohn & Stiles, Milton Younger, Bakersfield, CA, for Respondents.

Miller Stratvert, P.A., Marte D. Light-stone, Kelsey D. Green, Albuquerque, NM, for Amicus Curiae, New Mexico Oil & Gas Association.

## OPINION

BOSSON, Chief Justice.

{1} In this appeal we decide where venue lies in an action involving multiple defendants, all of which are foreign corporations. *See* NMSA 1978, § 38–3–1 (1988). The district court ruled that venue was proper in any county as to nine of the foreign corporations because these defendants did not maintain a statutory agent in the state. The court then concluded that venue was also proper in any county against Defendant British Petroleum (BP), although BP maintains a statutory agent with a residence in Lea County, New Mexico. On certiorari, BP contends that the district court wrongfully denied its motion to dismiss for improper venue. Applying our venue statute, we reverse the district court. We also take this opportunity to reverse in part a prior decision of the Court of Appeals, *Toscano v. Lovato*, 2002–NMCA–022, 131 N.M. 598, 40 P.3d 1042.

## BACKGROUND

{2} Plaintiffs Justin and Bobby Baker, both California residents, filed a personal injury action in Santa Fe County after an oilfield accident in San Juan County, New Mexico. Plaintiff Justin Baker alleged an injury due to a defective drilling rig that was manufactured and distributed by nine foreign corporations (Manufacturing Defendants). None of the Manufacturing Defendants are admitted to do business in New Mexico, or have a statutory agent in the state. Plaintiffs also sued BP, as operator of the well, on a theory of ultra-hazardous or inherently dangerous activity. Pursuant to our corporate registration and venue statutes, BP is admitted to do business in New Mexico and maintains a statutory agent in Lea County. *See* NMSA 1978, § 53–17–1 (1975); § 38–3–1(F). BP does not have a statutory agent in Santa Fe County.

{3} In response to the complaint, BP moved to dismiss for improper venue under Rule 1–012(B), arguing that the venue statute did not authorize venue in Santa Fe County for BP. The relevant subsections of the venue statute provide:

All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows and not otherwise:

A. First, except as provided in Subsection F of this section relating to foreign corporations, all transitory actions shall be brought in the county where either the plaintiff or defendant, or any one of them in case there is more than one of either, resides; or second, in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred; or third, in any county in which the defendant or either of them may be found in the judicial district where the defendant resides.

. . . .

F. Suits may be brought against transient persons or non-residents in any county of this state, except that suits against foreign corporations admitted to do business and which designate and maintain a statutory agent in this state upon whom service of process may be had shall only be brought in the county where the plaintiff, or any one of them in case there is more than one, resides or in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred or in the county where the statutory agent designated by the foreign corporation resides.

Section 38–3–1. Given that Plaintiffs resided out-of-state, BP contended that venue was proper only in San Juan County, the site of the accident, or in Lea County, the residence of its statutory agent. *See* § 38–3–1(F). BP does not dispute that Santa Fe County is a proper venue for the Manufacturing Defendants.

{4} The district court denied BP's motion. In so doing, the court correctly held that the Manufacturing Defendants can be sued in any county in New Mexico, including Santa Fe County, because the Manufacturing Defendants are not admitted to do business and did not designate statutory agents in New Mexico. The district court then concluded that because venue was proper in Santa Fe

County for the Manufacturing Defendants, venue was also proper for BP. The court relied on *Toscano*, 2002–NMCA–022, ¶ 27, 131 N.M. 598, 40 P.3d 1042 (holding that venue is proper in any New Mexico county for an action against a non-resident insurance company, and that therefore the same venue is proper for a resident defendant who resided in another county). The district court certified its ruling for interlocutory appeal, but the Court of Appeals declined to accept review. This Court granted BP's petition for writ of certiorari, finding the proper interpretation of the venue statute to be a matter of substantial public interest. *See* Rule 12–502(C)(4)(d) NMRA 2005.

{5} We now decide whether a proper venue for a foreign corporation that has no statutory agent in New Mexico can also establish venue for a foreign corporation that does have an appointed statutory agent, but in a different county.

**DISCUSSION**

{6} A motion to dismiss for improper venue based on the meaning of the venue statute involves questions of law, which we review *de novo*. *Cooper v. Chevron U.S.A., Inc.*, 2002–NMSC–020, ¶ 5, 132 N.M. 382, 49 P.3d 61. Venue "relates to the convenience of litigants" and "reflect[s] equity or expediency in resolving disparate interests of parties to a lawsuit in the place of trial." *Team Bank v. Meridian Oil Inc.*, 118 N.M. 147, 150, 879 P.2d 779, 782 (1994) (quoted authorities omitted). Our courts have noted that New Mexico's venue statute is expansive and provides plaintiffs with broad discretion in choosing where to bring an action. *See Sunwest Bank v. Nelson*, 1998–NMSC–012, ¶ 10, 125 N.M. 170, 958 P.2d 740; *Toscano*, 2002–NMCA–022, ¶ 7, 131 N.M. 598, 40 P.3d 1042. Yet we have also said that "the venue rules reflect an attempt to balance the common-law right of a defendant to be sued in his most convenient forum (usually the county of his residence) with the right of the plaintiff to choose the forum in which to sue." *Team Bank*, 118 N.M. at 150, 879 P.2d at 782.

{7} We begin by considering the text of the venue statute. One of the ways the legislature attempts to balance the rights of the parties is by giving plaintiffs wide latitude in selecting a forum under Section 38–3–1(A), while also providing a special rule in actions against foreign corporations under Section 38–3–1(F). The residence of the defendant determines which subsection applies. *See Cooper*, 2002–NMSC–020, ¶ 5, 132 N.M. 382, 49 P.3d 61. If the defendant is a New Mexico resident, then Section 38–3–1(A) allows the lawsuit to be filed in any county in which a plaintiff or a defendant resides. Subsection A provides that when there is more than one resident plaintiff or defendant, venue is proper in any county where one of the parties resides.

{8} If the defendant is a foreign corporation, however, Subsection A directs our attention to Subsection F. *See* § 38–3–1(A) ("[E]xcept as provided in Subsection F of this section relating to foreign corporations . . . ."). According to Subsection F, if the foreign corporation defendant does not have a registered statutory agent in New Mexico, then the corporation is treated as any other type of non-resident and venue lies in any county in New Mexico. However, if the foreign corporation defendant "maintain[s] a statutory agent in this state upon whom service of process may be had," venue is proper in the county where the statutory agent resides, in the county where the plaintiff is a resident, or where the cause of action originated. Section 38–3–1(F).

{9} Despite the language in Subsection F limiting venue for foreign corporations with statutory agents, Plaintiffs allege that venue is still appropriate in Santa Fe County. They argue that the Manufacturing Defendants are non-resident corporations that may be sued in Santa Fe County, and that once a proper venue is established for the Manufacturing Defendants, it is also proper for BP. To support their interpretation of the venue statute, Plaintiffs rely on the prior interpretation of the statute by our Court of Appeals in *Toscano*, 2002–NMCA–022, 131 N.M. 598, 40 P.3d 1042. We turn to that case and its interpretation of the venue statute.

{10} In *Toscano*, 2002–NMCA–022, ¶ 1, 131 N.M. 598, 40 P.3d 1042, an automobile accident victim joined an out-of-state insur-

ance company in an action against an alleged tortfeasor. *See Raskob v. Sanchez,* 1998–NMSC–045, ¶ 7, 126 N.M. 394, 970 P.2d 580 (holding that an insurance company could be joined as a defendant in an action arising out of an automobile collision when insurance coverage is mandated for the benefit of the public). Even though both drivers, the plaintiff and the defendant, resided in Bernalillo County where the accident took place, the plaintiff filed her action in Santa Fe County claiming that county was a proper venue for a foreign insurance company.

{11} The Court of Appeals held that an insurance company was a non-resident, and thus subject to suit in any county within the state. *Toscano,* 2002–NMCA–022, ¶ 27, 131 N.M. 598, 40 P.3d 1042. The court then concluded that because venue was proper in Santa Fe County as to the out-of-state insurer, venue was also proper as to the other defendant, the resident driver from Bernalillo County. *Id.* ("Because venue was proper as to Dairyland, venue was proper as to Defendant Lovato as well."). Therefore, even though both drivers resided in Bernalillo County, and Bernalillo County was the site of the accident, the defendant driver in *Toscano* was forced to defend in Santa Fe County purely because it was a proper venue as to the joined insurer. It appears that the defendants in *Toscano* did not seek certiorari review in this Court.

{12} BP argues forcefully that *Toscano* is an anomaly that this Court needs to address, and we agree. BP points to the plain language of Subsection A, which provides that if one or more of the parties to an action is a resident of New Mexico then "all transitory actions shall be brought in the county where either the plaintiff or defendant, *or any one of them in case there is more than one of either, resides.*" Section 38–3–1(A) (emphasis added). In contrast, Subsection F deletes the reference to multiple defendants, merely stating the action "shall only be brought in the county where the plaintiff, or any one of them in case there is more than one, resides." Section 38–3–1(F). BP argues that the *Toscano* court erred in extending the express provisions for multiple resident defendants in Subsection A to multiple non-

resident defendants in Subsection F. Thus, as BP sees it, the *Toscano* court improperly created an overly broad rule that venue for any party always establishes venue for other defendants.

■ {13} We agree with BP that the Court of Appeals' opinion in *Toscano* leads to the wrong result. To explain our disagreement, we return to the venue statute. In construing the language of a statute, our goal is to give effect to the intent of the legislature. *See Roth v. Thompson,* 113 N.M. 331, 332, 825 P.2d 1241, 1242 (1992). Section 38–3–1(F) provides that suits against non-residents may be brought in any county *except* for suits against foreign corporations with a statutory agent. Subsection F then limits the proper venues in an action against a foreign corporation with a statutory agent to: the county of the plaintiff's residence; the county where the foreign corporation's statutory agent resides; and the county where the action originated. As previously noted, Subsection F does not contain the same language in Subsection A that allows the residency of any one defendant to establish venue for all.

{14} As we read the venue statute, *Toscano's* conclusion that venue for one is venue for all is overly broad as applied in *Toscano,* and as applied in these circumstances. The statute instructs that if an action is against a resident defendant, then venue based on that defendant's residence is proper for all resident defendants. *See* § 38–3–1(A). Venue based on a defendant's residence would certainly be proper for a non-resident defendant, including a foreign corporation without a statutory agent, because venue is proper for such defendants in any New Mexico county. *See* § 38–3–1(F). However, the statute does not authorize venue for residents and foreign corporations with statutory agents based on proper venue for a non-resident, including a foreign corporation without a statutory agent. *See* § 38–3–1. Thus, when the only defendants are foreign corporations, Subsection F clearly designates the limited venues where a foreign corporation with a statutory agent can be sued. To rule otherwise would allow a plaintiff to subvert the distinct rules the legislature has designed for

338

both resident defendants and foreign corporations with statutory agents.

{15} In *Toscano*, the Court of Appeals candidly recognized that its broad interpretation of the venue statute appeared contrary to legislative intent. 2002–NMCA–022, ¶ 27, 131 N.M. 598, 40 P.3d 1042 ("This result might not comport with the intent of the legislature in drafting the venue statute. Subsection F is designed to protect foreign corporations from being subject to suit anywhere in the state by limiting the options available to plaintiffs."). Nevertheless, the Court of Appeals felt compelled to reach the opposite result based on the special situation of insurance companies, which like banks are excluded from the Business Corporation Act. *Id.* ¶¶ 21–22 (relying on *Sunwest Bank*, 1998–NMSC–012, ¶¶ 15–16, 125 N.M. 170, 958 P.2d 740). We also acknowledge that the Court of Appeals was driven to its result based on the unusual joinder rule for insurers providing mandatory automobile insurance. *See id.* ¶ 1 (framing the opinion as addressing the implications of *Raskob* on the issue of venue). While we understand the rationale behind the Court of Appeals' holding, we find that those policy considerations do not justify the court's overly broad interpretation of the venue statute and of our precedent.

{16} In reaching its decision in *Toscano*, the Court of Appeals relied on *Teaver v. Miller*, 53 N.M. 345, 208 P.2d 156 (1949). In *Teaver*, this Court stated that "the *residence* of one of the defendants determines the venue of the action against all." *Id.* at 349, 208 P.2d at 159 (quoted authority omitted) (emphasis added). Unlike the case before us, *Teaver* involved multiple *resident* defendants, a situation expressly addressed by the plain terms of what is now Section 38–3–1(A) of the statute. We find the application of *Teaver* to the situation in *Toscano* unsupported by the express terms of Subsection F and contrary to legislative intent. Nothing in the statute indicates that the legislature intended plaintiffs to be able to overlook the residency of the parties to an automobile accident, and instead base venue for all solely on a proper venue for an insurance company.

{17} As a direct result of *Toscano*, a litigant can file an action in a county different from the scene of an accident and from the residency of any party. Even heeding the expansive nature of our venue statute, we cannot conclude that the legislature intended to give any party such unbridled discretion. As we noted previously, our venue rules attempt to balance the interests of the parties. *Team Bank*, 118 N.M. at 150, 879 P.2d at 782. Venue is not a substantive right, but a procedural matter designed for the convenience of the litigants and for allocating judicial resources. *See Torres v. Gamble*, 75 N.M. 741, 744, 410 P.2d 959, 961 (1966). It makes little sense to conclude that a foreign corporation that has complied with the venue statute by designating a statutory agent cannot take advantage of the protections offered by the legislature, simply because other foreign corporate defendants in the lawsuit did not. As we have explained above, we do not read the venue statute to stand for that proposition.

{18} Toscano's rule undermines the venue statute by allowing a party to pick a forum convenient to no one, a result contrary to the limited venues the venue statute authorizes for residents and foreign corporations with a statutory agent. Because it is contrary to the venue statute, we overrule *Toscano's* holding that a venue proper for a non-resident is also proper for a resident. This result is not contrary to the general rule we cited approvingly in *Teaver*, 53 N.M. at 349, 208 P.2d at 159, that "the residence of one of the defendants determines the venue of the action against all," because here the question is whether a proper venue for a non-resident establishes venue for all.

{19} We hold that venue for a non-resident defendant, including a foreign corporation without a statutory agent, cannot determine proper venue for a foreign corporation with a statutory agent, nor can venue for a non-resident defendant determine proper venue for a resident defendant. Consistent with legislative intent, Subsection F should be interpreted to "give foreign corporations that are admitted to do business and that have designated and maintained a statutory agent in this state the same 'weight' in the

venue balance as resident defendants." *Team Bank,* 118 N.M. at 150, 879 P.2d at 782.[1] Thus, in this action, venue is proper as to BP only in San Juan County or in Lea County. As part of our holding, we also overrule that portion of *Toscano* that allows venue to be established for resident defendants solely on the basis of the venue of a non-resident insurance company.

## CONCLUSION

{20} We reverse the district court's order that venue is proper in Santa Fe County as to Defendant BP.

{21} **IT IS SO ORDERED.**

WE CONCUR: PAMELA B. MINZNER, PATRICIO M. SERNA, PETRA JIMENEZ MAES, and EDWARD L. CHÁVEZ, Justices.

2005-NMCA-045

1. In so holding, we do not address situations involving other combinations of multiple defendants such as residents and foreign corporations with statutory agents or multiple foreign corporations with statutory agents in different counties. *Cf. Cooper,* 2002–NMSC–020, ¶20, 132 N.M. 382, 49 P.3d 61 (dicta).