2007-NMSC-052

168 P.3d 116

Robert **GARDINER, individually and as personal representative of the Estate of Daisy Salas, and as next of friend of Sebastian Anthony G., a minor, Plaintiff–Respondent,**

v.

**GALLES CHEVROLET COMPANY, a New Mexico corporation, Defendant–Petitioner.**

No. 29,783.

Supreme Court of New Mexico.

Aug. 30, 2007.

Law Office of Jeffrey E. Jones, Jeffrey E. Jones, Santa Fe, NM, for Petitioner.

Vigil & Vigil, P.A., Jacob G. Vigil, Albuquerque, NM, Gilbert, Frank, Ollanik & Komyatte, P.C., Paul J. Komyatte, Arvada, CO, for Respondent.

## OPINION

BOSSON, Justice.

{1} This appeal raises a venue question that we expressly left unanswered in *Baker v. BP America Production Company*, 2005–NMSC–011, 137 N.M. 334, 110 P.3d 1071: In a case with multiple defendants, can a proper venue for a foreign corporation with a statutory agent also establish venue for a resident defendant? To answer this question, we must take the next step in the construction of the New Mexico venue statute that we began in *Baker*. While we reaffirm our holding in *Baker*, that venue for foreign corporations with statutory agents may not be based on venue for foreign corporations without statutory agents, we decline to extend that holding to the combination of defendants present in this case. We therefore hold that venue for a resident defendant is proper in the county where a foreign corporation's statutory agent resides.

## BACKGROUND

{2} Plaintiffs, residents of Bernalillo County, filed a wrongful death action against twenty-one defendants arising out of a fatal car accident that occurred in Bernalillo County. Defendant Galles Chevrolet ("Galles"), a New Mexico corporation with a registered agent in Bernalillo County, is the only resident defendant. The remaining twenty defendants are foreign corporations, one of which, General Motors ("GM"), maintains a registered agent in Santa Fe County. Plaintiffs filed their complaint in the District Court for Santa Fe County.

{3} Galles filed a motion to dismiss for improper venue, arguing that it can only be sued in Bernalillo County. The district court denied Galles' motion and allowed for an interlocutory appeal pursuant to NMSA 1978, Section 39–3–4(A) (1999). The Court of Appeals denied Galles' application for interlocutory appeal, and we accepted certiorari to determine whether venue for resident defendants may be based on venue for foreign corporations with statutory agents. Holding that venue is proper for Galles where GM's statutory agent resides, we now affirm the district court's denial of Galles' motion to dismiss.

## DISCUSSION

{4} A motion to dismiss for improper venue involves questions of law that we review de novo. *Baker*, 2005–NMSC–011, ¶ 6. "Venue relates to the convenience of litigants and reflect[s] equity or expediency in resolving disparate interests of parties to a lawsuit in the place of trial." *Id.* (alteration in original) (quoted authority omitted). When construing our venue statute, we keep in mind that our venue rules are meant to balance the interests of defendants to be sued in a convenient forum against the interests of plaintiffs to choose the forum in which to sue. *Id.* We also note the expansive nature of the venue statute and the broad discretion it allows plaintiffs in choosing where to bring an action. *Id.*

{5} This case implicates the same two subsections of the venue statute that were at issue in *Baker*. *See id.* ¶ 3. Those subsections provide:

All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows and not otherwise:

A. First, except as provided in Subsection F of this section relating to foreign corporations, all transitory actions shall be brought in the county where either the plaintiff or defendant, or any one of them in the case there is more than one of either, resides; or second, in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred; or third, in any county in which the defendant **or either of them** may be found in the judicial district where the defendant resides.
* * *

F. Suits may be brought against transient persons or non-residents in any county of this state, except that suits against foreign corporations admitted to do business and which designate ... a statutory agent in this state upon whom service of process may be had **shall only** be brought in the county where the plaintiff, or any one of them in the case there is more than one, resides or in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness ... was incurred or in the county where the statutory agent designated by the foreign corporation resides.

NMSA 1978, § 38–3–1 (as amended through 1988) (emphasis added). Based on these two subsections, Galles argues that venue for a resident defendant and venue for a foreign defendant corporation with a statutory agent are "distinct and separate considerations," such that a proper venue for a foreign corporation with a statutory agent may never establish venue for a resident defendant.

{6} Galles' proposed construction of the venue statute argues for an extension of this Court's recent opinion in *Baker*. *Baker* was a multiple defendant case, but unlike the present one, all of the defendants were foreign corporations. *Baker*, 2005–NMSC–011, ¶ 1. We were asked to determine whether a proper venue for a foreign corporation with-

out a statutory agent could also establish venue for a foreign corporation with a statutory agent. That question required us to construe Subsection F of the venue statute, which determines proper venue for foreign corporations. We held that the language in Subsection A that allows the residency of one defendant to establish venue for all did not apply to foreign corporations with statutory agents because the plain language of Subsection F states that an action against such foreign corporations "shall only" be brought in the county where the statutory agent resides, along with where any plaintiff resides or where the cause of action originated. *Baker*, 2005–NMSC–011, ¶ 14.

{7} We reasoned that in order to give effect to legislative intent, "Subsection F should be interpreted to 'give foreign corporations that are admitted to do business and that have designated and maintained a statutory agent in this state the same "weight" in the venue balance as resident defendants.'" *Id.* ¶ 19 (quoting *Team Bank v. Meridian Oil Inc.*, 118 N.M. 147, 150, 879 P.2d 779, 782 (1994)). To allow venue for a foreign corporation without a statutory agent, which is anywhere in the state, to establish venue for a foreign corporation with a statutory agent would eviscerate the legislative intent to reward corporations for registering agents in the state as well as the plain language of Subsection F, which states that such corporations "shall only" be sued in the county where their statutory agent resides (along with the other two options). *Id.*

{8} By its own terms, *Baker* limited its holding to multiple defendant cases involving only foreign corporations or non-resident defendants; we expressly declined to address other combinations of defendants, including the one present in this case. *Id.* ¶ 19 n. 1 (stating that the opinion "[did] not address situations involving other combinations of multiple defendants such as residents and foreign corporations with statutory agents"). Although *Baker* mentioned Subsection A in observing that the language present in that subsection allowing venue for one defendant to establish venue for all is not present in Subsection F, we did not interpret Subsection A. Because all the defendants in *Baker*

were foreign corporations, the only applicable provision was Subsection F. This case calls on us to interpret Subsection A and determine how it relates to Subsection F.

■ {9} As we said in *Baker*, "[t]he residence of the defendant determines which subsection applies." *Id.* ¶ 7. Because Galles is challenging venue in this case and is a resident defendant, Subsection A applies to determine proper venue for Galles. Under Subsection A, Galles may be sued in any county where any defendant "resides." Galles therefore understands that it may be sued anywhere in the state based on the residence of another defendant. However, according to Galles, this "good for one, good for all" rule in Subsection A applies to resident defendants only in relation to other resident defendants, but not in relation to foreign corporations. Galles contends that, if it is to be sued based on the venue of another defendant, that defendant must be a resident defendant and cannot be a foreign corporation.

■ {10} The language of the statute does not compel as narrow a reading as Galles proposes. Subsections A and F must be read together, not in isolation. In interpreting a statute, this Court strives to give effect to all statutory provisions and reconcile provisions with one another. *See State v. Smith*, 2004–NMSC–032, ¶ 10, 136 N.M. 372, 98 P.3d 1022 ("[A] statutory subsection ... must be considered in reference to the statute as a whole ...." (alteration in original) (quoted authority omitted)); *Montell v. Orndorff*, 67 N.M. 156, 166, 353 P.2d 680, 686 (1960) ("It is a long standing rule of statutory construction that each and every part of the statute, where possible, must be given same effect in an effort to reconcile it in meaning with every other part." (quoted authority omitted)). Instead of operating as a stand alone provision, Subsection F is better understood as an exception to Subsection A. As such, it does not limit the "good for one, good for all" rule from applying, except where it expressly does not apply such as to foreign corporations with a statutory agent. Thus, while a foreign corporation with a statutory agent may not be sued where another defendant resides, a resident defendant may.

{11} Galles argues that foreign corporations with statutory agents do not "reside" in New Mexico for purposes of the venue statute, and therefore, the "good for one, good for all" rule does not apply in relation to such foreign corporate defendants. Our opinion in *Cooper v. Chevron U.S.A. Inc.*, 2002–NMSC–020, 132 N.M. 382, 49 P.3d 61, though it addressed a somewhat different issue, sheds light on the argument Galles raises. In that case, we were asked whether a foreign corporation had to appoint a resident agent in order to avail itself of the more limited venue options in Subsection F, or whether the statutory agent could itself be a foreign corporation. We held that "[i]n the context of a statutory agent ... the term 'resides' has a plain meaning which we believe the Legislature intended. A statutory agent who maintains an office in New Mexico for the purpose of receiving service of process 'resides' in New Mexico regardless of whether it is a foreign corporation or a New Mexico resident." *Id.* ¶ 19. In reaching this conclusion, we reasoned, as we did in *Baker*, that "the Legislature passed Section 38–3–1(F) in order to 'give foreign corporations that are admitted to do business and that have designated and maintained a statutory agent in this state the same "weight" in the venue balance as resident defendants.'" *Id.* ¶ 18 (quoting *Team Bank*, 118 N.M. at 150, 879 P.2d at 782).

■ {12} The reasoning of *Cooper* can be logically extended to the issue in this case. The term "resides" appears in the statute both in reference to resident defendants in Subsection A and statutory agents in Subsection F. Consistent with the plain language of the statute along with the intent of the Legislature to give foreign corporations equal weight in the venue balance as resident defendants, we interpret the statute to mean that foreign corporations with statutory agents "reside" in New Mexico for purposes of the "good for one, good for all" rule that applies to resident defendants. Though the statute limits venue for foreign corporations with statutory agents to the county where the statutory agent resides, it does not so limit venue for resident defendants.

{13} *Baker* does not mandate a contrary approach. In fact, *Baker* recognized the same legislative imperative acknowledged in *Cooper*-to reward foreign corporations for registering a statutory agent in the state by giving them equal weight in the venue balance as residents. *See Baker*, 2005–NMSC–011, ¶ 19. Consequently, *Baker* refused to do away with those rewards by preventing a non-resident defendant from determining venue for a foreign corporation with a statutory agent. In this case, we simply allow foreign corporations with statutory agents to carry the same weight as resident defendants when applying the "good for one, good for all" rule of Subsection A to determine proper venue for a resident defendant.

■ {14} As was true in *Baker* with regard to foreign corporations with statutory agents, venue may not be established for a resident defendant based on proper venue for a non-resident defendant or a foreign corporation without a statutory agent. *See id.* (noting that "venue for a non-resident defendant [cannot] determine proper venue for a resident defendant"). Such an application of the statute would lead to the same result we noted in *Baker*: it would "allow[ ] a party to pick a forum convenient to no one, a result contrary to the limited venues the venue statute authorizes for residents and foreign corporations with a statutory agent." *Id.* ¶ 18. However, because Subsection F was intended to encourage foreign corporations to register statutory agents, the reward is recognition that registration of a statutory agent will establish a convenient forum in the county where the agent is registered.

{15} We recognize that the construction of the venue statute we articulate here appears to favor foreign defendants over local defendants. Foreign corporations with statutory agents have the most restricted venue options because they "shall only" be sued where the statutory agent resides. Pursuant to Subsection F, venue for such corporations could not be established based on other resident defendants. However, this interpretation is not inconsistent with the text of the statute, policy goals, or longstanding practice. Subsection A does not have the limiting language that is present in Subsection F, and

thus, there are a broader range of venue options for resident defendants. Nor is it implausible that the Legislature would adopt a policy favoring foreign defendants doing business in New Mexico. There are rewards that New Mexico obtains by inducing large foreign corporations to obtain a local agent, thereby facilitating service of process and perhaps achieving other benefits as well. Moreover, regardless of the policy choices that may have motivated the particular language of the venue statute, to the extent they are not reflected in the current statute, it is for the Legislature to address.

{16} Finally, we note that plaintiffs have for many years done exactly what Plaintiffs here did, namely lay venue for all defendants, including resident defendants, in the forum where a foreign corporation's statutory agent resides. The only thing that has changed is the birth of the *Baker* opinion. Because the venue statute is capable of a construction that is consistent with this longstanding practice, and absent a compelling policy reason to change what has long been common practice, the statute should be interpreted in a manner that maintains the status quo.

## CONCLUSION

{17} We hold that venue for Galles is proper in Santa Fe County, the county where GM's registered agent resides. Therefore, we affirm the district court's dismissal of Galles' motion to dismiss for improper venue.

{18} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PETRA JIMENEZ MAES, Justice, MICHAEL VIGIL, Judge, (sitting by designation) and PAMELA MINZNER, Justice (not participating).