2008-NMSC-011

176 P.3d 1100

Lin R. **BLANCETT**, et al., Plaintiffs–
Respondents,

v.

**DIAL OIL COMPANY**, et al.,
Defendants–Petitioners.

No. 30,035.

Supreme Court of New Mexico.

Jan. 16, 2008.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Edward Ricco, Charles J. Vigil, Jocelyn C. Drennan, Albuquerque, NM, for Petitioners.

Heidel, Samberson, Newell, Cox & McMahon, Michael T. Newell, Patrick B. McMahon, Lovington, NM, for Respondents.

## OPINION

SERNA, Justice.

{1} In this case, we decide whether a domestic corporation resides in a county for venue purposes solely because its registered agent for service of process resides in that county. Resolution of the issue requires us to interpret the meaning of "resides" as it occurs in Section 38–3–1(A) of our venue statute, 1978 NMSA, Section 38–3–1 (1875–76, as amended through 1988). Based on the plain language of Section 38–3–1(A), we hold that a domestic corporation does not reside in a county solely because its registered agent resides therein.

## I. BACKGROUND

{2} The Blancetts (Plaintiffs), residents of San Juan County, filed this action in Santa

Fe County against Ron Dial, Dick Dial, Sue Dial, and the Dial Oil Company (Defendants), seeking to recover damages allegedly caused by their actions in San Juan County.[1] Plaintiffs based venue in Santa Fe County on the ground that the Dial Oil Company (Dial Oil), a domestic corporation, had a registered agent residing in Santa Fe County. In response, Defendants filed a motion to dismiss Plaintiffs' case for improper venue, arguing that San Juan County was the proper venue because the parties resided there and the underlying incident had occurred there. Defendants asserted that Dial Oil's principal place of business, rather than the residence of its registered agent, established its residence for venue purposes.

{3} The district court denied the motion to dismiss. Noting that the case presented an "interesting issue" and "close question," which was both dispositive and undecided by New Mexico's appellate courts, the district court granted leave to seek interlocutory appeal. The Court of Appeals denied Defendants' application for interlocutory appeal, and we granted certiorari, *Blancett v. Dial Oil Co.*, 2006-NMCERT-010, 140 N.M. 675, 146 P.3d 810, to determine whether a domestic corporation resides in a county for venue purposes solely by virtue of its registered agent for service of process residing in that county. Holding that a domestic corporation does not reside in a county simply because its registered agent resides therein, we reverse the district court's denial of Defendants' motion to dismiss.

## II. DISCUSSION

■ {4} "A motion to dismiss for improper venue based on the meaning of the venue statute involves questions of law, which we review de novo." *Baker v. BP Am. Prod. Co.*, 2005-NMSC-011, ¶ 6, 137 N.M. 334, 110 P.3d 1071.

■ {5} Plaintiffs initiating an action in New Mexico must look to the venue statute to determine the proper county in which to bring their suit. Section 38-3-1. Our "venue statute is expansive and provides plaintiffs with broad discretion in choosing where to bring an action." *Baker*, 2005-NMSC-011, ¶ 6, 137 N.M. 334, 110 P.3d 1071. Nonetheless, plaintiffs do not enjoy an unfettered right to bring an action wherever they please. *See* § 38-3-1 (limiting choice of venue). Instead, their choice of forum is limited by our venue rules, which "reflect an attempt to balance the common-law right of a defendant to be sued in [the] most convenient forum (usually the county of [defendant's] residence) with the right of the plaintiff to choose the forum in which to sue." *Team Bank v. Meridian Oil Inc.*, 118 N.M. 147, 150, 879 P.2d 779, 782 (1994).

■ {6} New Mexico case law has long recognized that, for venue purposes, a domestic corporation resides at the location of its principal place of business. *See Sunwest Bank of Albuquerque, N.M. v. Nelson*, 1998-NMSC-012, ¶ 17, 125 N.M. 170, 958 P.2d 740 (treating national banking association as domestic corporation and concluding that venue was proper where it had its principal place of business); *First Fin. Trust Co. v. Scott*, 1996-NMSC-065, ¶ 4, 122 N.M. 572, 929 P.2d 263 (concluding that venue was proper where domestic corporation had its principal place of business); *Rito Cebolla Invs., Ltd. v. Golden West Land Corp.*, 94 N.M. 121, 123, 607 P.2d 659, 661 (Ct.App.1980) (deeming plaintiff and defendant domestic corporations to reside at principal place of business). "[W]hen a defendant resides in New Mexico, the plaintiff's right to choose the forum in which to sue is limited by Section 38-3-1(A) to those forums that the Legislature has determined will not unduly inconvenience the defendant." *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 18, 132 N.M. 382, 49 P.3d 61. Section 38-3-1(A) reads:

First, except as provided in Subsection F of this section relating to foreign corporations, all transitory actions shall be brought in the county where either the plaintiff or defendant, or any one of them in case there is more than one of either, resides; or second, in the county where the contract sued on was made or is to be performed or where the cause of action

---

1. Plaintiffs also named Conoco/Phillips, Inc. and Federated Insurance Co. as co-defendants in their initial complaint. Neither Conoco/Phillips nor Federated Insurance is involved in the instant appeal.

originated or indebtedness sued on was incurred; or third, in any county in which the defendant or either of them may be found in the judicial district where the defendant resides.

{7} The parties agree that Dial Oil resides in San Juan County because its principal place of business is located there, and it is undisputed that Defendants are each San Juan County residents. The dispute in the instant case centers on whether Dial Oil also resides in Santa Fe County because its registered agent resides therein. Defendants argue that venue is not proper in Santa Fe County because Section 38–3–1(A) does not expressly place venue at the residence of a domestic corporation's registered agent. They rely on Section 38–3–1(F) to make their point. It reads:

> Suits may be brought against transient persons or non-residents in any county of this state, except that suits against foreign corporations admitted to do business and which designate and maintain a statutory agent in this state upon whom service of process may be had shall only be brought in the county where the plaintiff, or any one of them in case there is more than one, resides or in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred or *in the county where the statutory agent designated by the foreign corporation resides.*

Section 38–3–1(F) (emphasis added). Defendants contend that the absence of equivalent language regarding statutory agents in Section 38–3–1(A) shows that the Legislature did not intend for a domestic corporation's registered agent to establish corporate residence for venue purposes. By contrast, Plaintiffs claim that the Legislature included language about statutory agents in Section 38–3–1(F) because so doing was necessary to limit the counties in which a foreign corporation with a statutory agent could be sued, whereas such language was unnecessary in Section 38–3–1(A) because the section limits venue to those counties in which a domestic corporation resides and the Legislature intended that a domestic corporation reside where its registered agent does.

{8} Our primary goal when interpreting a statute is to effectuate the Legislature's intent in enacting it. *Sunwest Bank,* 1998–NMSC–012, ¶ 14, 125 N.M. 170, 958 P.2d 740. The first step in discerning legislative intent is to examine the language used by the Legislature. *State v. Davis,* 2003–NMSC–022, ¶ 6, 134 N.M. 172, 74 P.3d 1064. The Legislature's different treatment of domestic and foreign corporations in Section 38–3–1 answers the question presented in this case.

{9} Domestic corporations are New Mexico residents subject to suit where their principal place of business is located, *see Sunwest Bank,* 1998–NMSC–012, ¶ 17, 125 N.M. 170, 958 P.2d 740, and Section 38–3–1(A) is silent as to whether they may be sued where their registered agent resides. Foreign corporations are not New Mexico residents and, generally, are subject to suit in any county within the state. *See* Section 38–3–1(F). However, Section 38–3–1(F) contains exceptions to that general principle, which expressly limit the counties in which a foreign corporation with a statutory agent may be sued. One such limitation requires a plaintiff to bring suit in the county where the foreign corporation's statutory agent resides. Section 38–3–1(F). By including language about statutory agents in Section 38–3–1(F), the Legislature showed its intent to limit the counties in which certain foreign corporations are subject to suit. *See Cooper,* 2002–NMSC–020, ¶ 18, 132 N.M. 382, 49 P.3d 61 ("[T]he Legislature passed Section 38–3–1(F) in order to 'give foreign corporations that are admitted to do business and that have designated and maintained a statutory agent in this state the same "weight" in the venue balance as resident defendants.'" (quoting *Team Bank,* 118 N.M. at 150, 879 P.2d at 782)).

{10} Although "the [venue] statute limits venue for foreign corporations with statutory agents to the county where the statutory agent resides, it does not so limit venue for resident defendants." *Gardiner v. Galles Chevrolet Co.,* 2007–NMSC–052, ¶ 12, 142 N.M. 544, 168 P.3d 116. Had the Legislature similarly intended to make an exception to the general principle that domestic corporations are subject to suit at the location of their principal place of business, it

would have done so. Namely, the Legislature would have included in Section 38–3–1(A) a provision similar to the one found in Section 38–3–1(F), which makes venue proper at the statutory agent's residence.

{11} When a statute's meaning is clear from its plain language, we must apply the statute as written by the Legislature. *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 352, 871 P.2d 1352, 1358 (1994). We "cannot read into an act something that is not within the manifest intention of the Legislature as gathered from the statute itself." *Burch v. Foy*, 62 N.M. 219, 224, 308 P.2d 199, 202 (1957). The Legislature's choice not to include language about statutory agents in Section 38–3–1(A), while including such language in Section 38–3–1(F), shows that it did not intend for the residence of a domestic corporation's registered agent to establish corporate residence for venue purposes. Thus, Section 38–3–1(A) is unambiguous regarding the issue presented in this case, and its plain language persuades us that a domestic corporation does not reside in a county solely because its registered agent resides therein.

{12} Plaintiffs would have us consider NMSA 1978, Sections 53–11–11 and 53–11–14 (1967) of the Business Corporation Act (BCA) to construe the meaning of "resides" as it occurs in Section 38–3–1(A). Although we have concluded that the venue statute's plain language is dispositive of the issue before us, we assume that the statute is ambiguous for the purpose of discussing Plaintiffs' argument. They explain that the purpose of designating a registered agent under Section 53–11–11 is to identify an individual or entity in a particular location where the domestic corporation can be served with process, pursuant to Section 53–11–14. They thus argue that the venue statute and the cited BCA sections should be read together because service of process is a component of litigation and the venue statute governs where litigation may occur. Based on that construction, Plaintiffs contend that the venue statute and cited BCA sections together establish that a registered agent's residence also creates a domestic corporation's residence for venue purposes.

{13} When seeking to understand the legislative intent of an unclear statute, we will construe "[s]tatutes on the same general subject ... by reference to each other, the theory being that the court can discern legislative intent behind an unclear statute by reference to similar statutes where legislative intent is more clear." *State v. Ogden*, 118 N.M. 234, 243, 880 P.2d 845, 854 (1994) (internal citation omitted). "[S]tatutes which relate to the same class of things are considered to be in pari materia, and, if possible by reasonable construction, both are to be so construed that effect is to be given to every provision of each." *State v. Flores*, 2004–NMSC–021, ¶ 10, 135 N.M. 759, 93 P.3d 1264 (internal quotation marks and citations omitted) (alteration in original). "These rules ... promote consistency in judicial interpretation of similar statutes." *Ogden*, 118 N.M. at 243, 880 P.2d at 854.

{14} The venue statute sets forth the requirements that must be met before a lawsuit may proceed in a particular county in this state. Section 38–3–1. The cited BCA sections require a corporation to establish a registered agent, Section 53–11–11, and to allow service of process upon that agent, Section 53–11–14; they do not contain any explicit language relating to venue. For those three statutory sections to be in pari materia, the language of the BCA sections would have to contain more specific language regarding venue.

{15} Were we to accept Plaintiffs' argument that "resides," as it occurs in Section 38–3–1(A), should be interpreted by reference to Sections 53–11–11 and 53–11–14, our "rule [would] undermine[ ] the venue statute by allowing a party to pick a forum convenient to no one, a result contrary to the limited venues the venue statute authorizes for residents and foreign corporations with a statutory agent." *Baker*, 2005–NMSC–011, ¶ 18, 137 N.M. 334, 110 P.3d 1071. When effectuating the legislative intent behind the venue statute, we are mindful of the balance the statute seeks to find between the defendant's right to a convenient forum and the plaintiff's right to choose where to bring suit. *Gardiner*, 2007–NMSC–052, ¶ 4, 142 N.M. 544, 168 P.3d 116. Our conclusion that a

domestic corporation does not reside in a county solely because its registered agent resides in that county properly weighs the defendant's right to be sued in the most convenient forum against the plaintiff's right to choose where to sue, and therefore best effectuates the Legislature's intent to balance those interests. For those reasons, we are not persuaded that the BCA should inform our understanding of "resides" as it occurs in Section 38–3–1(A).

## III. CONCLUSION

{16} Based on the plain language of Section 38–3–1(A), we hold that a domestic corporation does not reside in a county for venue purposes solely because its registered agent for the service of process is located therein. In so holding, we reverse the district court's denial of Defendants' motion to dismiss and remand for proceedings consistent with this opinion.

{17} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PETRA JIMENEZ MAES, RICHARD C. BOSSON, Justices, and MICHAEL E. VIGIL, Judge (sitting by designation).