The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: July 2, 2025

**NO. S-1-SC-40437**

**CITY OF ROSWELL,**
**a municipal corporation,**

　　　　Petitioner,

v.

**THE HON. MARIA SANCHEZ-GAGNE,**
**District Court Judge,**
**First Judicial District Court,**

　　　　Respondent,

and

**MARIA DE LOURDES RODRIGUEZ,**
**AMELIA PONCE, individually and on**
**behalf of her minor child, J.A., and**
**KRISTINA MARTINEZ, as the Personal**
**Representative of the Wrongful Death Estate**
**of NICKOLAS DE JESUS ACOSTA, Deceased,**

　　　　Real Parties in Interest.

**ORIGINAL PROCEEDING**

Hinkle Shanor LLP
Richard E. Olson
Chelsea B. Green
Roswell, NM

for Petitioner


Raúl Torrez, Attorney General
Aaron A. Rodriguez, Assistant Attorney General
Daniel Ross Rubin, Assistant Attorney General
Santa Fe, NM

for Respondent


Durham, Pittard & Spalding LLP
Philip M. Kovnat
Justin R. Kaufman
Santa Fe, NM

Cesar Ornelas Law, PLLC
JonCarlo J. Serna
Santa Fe, NM

James Leech
San Antonio, TX

for Real Parties in Interest

**OPINION**

**THOMSON, Chief Justice.**

{1} The New Mexico Civil Rights Act (NMCRA) authorizes a person to sue a public body for deprivation of the rights, privileges, and immunities guaranteed by the Bill of Rights in Article II of the New Mexico Constitution. *See* NMSA 1978, §§ 41-4A-1 to -13 (2021). Section 41-4A-3(B) provides that plaintiffs under the NMCRA "*may maintain an action* to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court.*" (Emphasis added.) This case raises an important issue of first impression: whether a plaintiff bringing claims under the NMCRA may sue a municipality in any district court in the state or whether they must bring the action in the county where the municipality is located. The answer to this question hinges on whether Section 41-4A-3(B) is a venue provision. Exercising our original jurisdiction to issue a writ of superintending control under Article VI, Section 3 of the New Mexico Constitution, we hold that (1) Section 41-4A-3(B) establishes jurisdiction in the district courts over claims brought under the NMCRA and is not a venue provision, and (2) NMSA 1978, Section 38-3-2 (1939), governs venue for NMCRA claims filed against a municipality.

## I. BACKGROUND

{2}	The City of Roswell (the City), located in Chaves County, New Mexico, sought a writ of superintending control to order district court Judge Maria Sanchez-Gagne (Respondent) to dismiss for improper venue a lawsuit filed against the City in the First Judicial District Court in Santa Fe County. Maria de Lourdes Rodriguez, Amelia Ponce, and Kristina Martinez, Real Parties in Interest (Real Parties), advanced a single claim under the NMCRA for alleged civil rights violations resulting from the fatal shooting of Nickolas de Jesus Acosta in Roswell by two Roswell police officers. Consistent with the NMCRA, the lawsuit named the City as the only defendant. *See* § 41-4A-3(C) ("Claims brought pursuant to the [NMCRA] shall be brought exclusively against a public body.").

{3}	The City moved to dismiss the lawsuit for improper venue. It argued that under the plain language of Section 38-3-2, the lawsuit "can only be brought in the Fifth Judicial District in Chaves County, . . . as that is the county where the [City] is located." Section 38-3-2, which governs the venue of civil actions against municipalities and boards of county commissioners, provides as follows:

> All civil actions not otherwise required by law to be brought in the district court of Santa Fe county, wherein any municipality or board of county commissioners is a party defendant, shall be instituted only in the district court of the county in which such municipality is located, or for which such board of county commissioners is acting.

{4}     The district court denied the City's motion to dismiss, relying instead on a "plain reading" of Section 41-4A-3(B), which provides in relevant part that "a person . . . may maintain an action [for relief under the NMCRA] . . . *in any New Mexico district court*." (Emphasis added.) The district court concluded that Section 41-4A-3(B) establishes venue for a NMCRA claim "in any New Mexico district court" and later denied the City's motion to certify the issue for interlocutory appeal. The City then filed a petition for writ of superintending control in this Court. We ordered a stay. After considering the petition and the Real Parties' response in opposition, we lifted the stay, granted the City's petition for writ of superintending control, and issued a writ directing Respondent to dismiss for improper venue the lawsuit filed by the Real Parties. We now write to explain our reasoning.

## II.     DISCUSSION

### A.     Superintending Control Is Warranted Because the Petition Raises an Issue Meriting Extraordinary Relief

{5}     This Court has original jurisdiction to issue a writ of superintending control pursuant to Article VI, Section 3 of the New Mexico Constitution. This gives the Court the power to control the ordinary course of litigation, which includes "the authority to regulate pleading, practice, and procedure" in the lower courts. *Johnson & Johnson v. Wilson*, 2025-NMSC-003, ¶ 9, 563 P.3d 841 (internal quotation marks and citation omitted). Through this broad and extraordinary power, the Court may

3

offer guidance to lower courts on how to properly apply the law, in this case a statute that controls venue.

{6}    Characterizing this case as a "garden-variety motion to dismiss" and a "relatively mundane venue issue," the Real Parties argue that the issue of venue generally does not support extraordinary relief. This case has far broader implications. Indeed, the City argues Section 41-4A-3(B) is not a venue provision at all but is instead a *jurisdictional* provision for purposes of NMCRA claims. Providing clarity on questions of venue is well within our purview. *See Baker v. BP Am. Prod. Co.*, 2005-NMSC-011, ¶ 4, 137 N.M. 334, 110 P.3d 1071 (noting that the Court granted certiorari from the Court of Appeals' order denying interlocutory review, "finding the proper interpretation of the venue statute to be a matter of substantial public interest"); *Blancett v. Dial Oil Co.*, 2008-NMSC-011, ¶ 3, 143 N.M. 368, 176 P.3d 1100 (granting certiorari from the Court of Appeals' order denying application for interlocutory appeal of the district court's denial of a motion to dismiss for improper venue); *Gardiner v. Galles Chevrolet Co.*, 2007-NMSC-052, ¶ 3, 142 N.M. 544, 168 P.3d 116 (same).

{7}    At present, at least four claims have been filed in First Judicial District Court against foreign counties or municipalities which implicate NMCRA claims. *See* Order of Dismissal Without Prejudice, *Murphy v. Town of Taos*, D-101-CV-2024-

4

00346 (1st Jud. Dist. Sept. 9, 2024) (dismissing claims against the Town of Taos and the Taos Police Department for improper venue); Order Dismissing Civil Action Without Prejudice, *Lopez v. N.M. State Police*, D-101-CV-2023-02458 (1st Jud. Dist. June 18, 2024) (dismissing claims against Taos County and the Taos County Sheriff's Office for improper venue); Order Dismissing Case Without Prejudice, *McGill v. Cnty. of Taos*, D-101-CV-2023-01498 (1st Jud. Dist. Mar. 6, 2024) (dismissing claims against County of Taos for improper venue); Order on Defendants' Motion to Dismiss, *Swope v. Colfax Cnty. Sheriff's Dep't*, D-101-CV-2022-01424 (1st Jud. Dist. Jan. 23, 2023) (dismissing NMCRA claims against Colfax County Sheriff's Department and Angel Fire Police Department for improper venue). The Real Parties' lawsuit against the City stands apart as the only case where a district court held that venue against a foreign municipality was proper under the NMCRA. As a result, the First Judicial District Court is divided on this issue, creating inconsistency in the interpretation of Section 41-4A-3(B) and potential confusion in a rapidly developing area of law. Delaying guidance on this subject would allow the continued filing of NMCRA claims against foreign municipalities— and the likelihood of repeatedly litigating the venue question in every case—until the issue is finally resolved by an appellate court. Resolving the question now will avoid duplicative litigation and preserve public funds and judicial resources.

{8}     We are also persuaded that the number of cases raising this issue is likely to increase. The historic ubiquity of federal civil-rights claims against law enforcement officers, coupled with the NMCRA's requirement that *only* a public body may be sued under the NMCRA, virtually guarantees that municipalities (and counties) will be regularly named as NMCRA defendants due to the alleged actions of their officer-employees. *See* § 41-4A-3(C) (providing that an NMCRA claim "shall be brought exclusively against a public body"); *cf.* § 41-4A-13(A) (requiring notice of an NMCRA claim for the act or omission of a certified law enforcement officer to the officer's agency or department); NMSA 1978, § 3-13-2 (1988) (setting forth the duties of municipal police officers); NMSA 1978, §§ 4-41-1 to -22 (1855, as amended through 2017) (setting forth the duties and powers of county sheriffs).

{9}     Moreover, we note that the NMCRA is recently-enacted landmark legislation. *Bolen v. N.M. Racing Comm'n*, 2025-NMSC-___, ¶ 11, ___ P.3d ___ (S-1-SC-40427, June 2, 2025). It was enacted "as a state analogue to federal civil rights litigation under [42 U.S.C.] § 1983" and creates "a private cause of action for a person deprived of state constitutional rights by the acts or omissions of New Mexico governmental entities and officials." *Bolen*, 2025-NMSC-___, ¶¶ 11, 13. It explicitly creates a limited waiver of sovereign immunity for NMCRA claims and exposes state and local governments—and any branch of local government that receives state

6

funding—to liability for such deprivations, with some exceptions. Section 41-4A-9; Section 41-4A-2; Section 41-4A-10. Thus, the issue before us has significant statutory and constitutional implications. *See, e.g.*, *Lujan Grisham v. Romero*, 2021-NMSC-009, ¶ 16, 483 P.3d 545 (exercising jurisdiction when the issue "centers around questions of constitutional law and statutory construction—matters that we review de novo").

{10} For these reasons, we conclude the exercise of extraordinary jurisdiction is warranted. The question of venue against a foreign municipality under the NMCRA presents a question of substantial public interest with the potential to affect many, if not all, NMCRA plaintiffs and defendants. Accordingly, we opt to decide the question "at the earliest moment." *Griego v. Oliver*, 2014-NMSC-003, ¶ 11, 316 P.3d 865 (citation omitted); *cf. State v. Wilson*, 2021-NMSC-022, ¶ 15, 489 P.3d 925 ("There is an obvious public interest in ensuring fair and consistent adjudication of an issue touching the concerns of thousands of owners of business property throughout New Mexico.").

**B.** **Section 41-4A-3(B) Merely Establishes Jurisdiction Over NMCRA Claims and Does Not Govern Venue**

{11} The Real Parties assert the phrase "may maintain an action . . . in any New Mexico district court" is a venue provision that allows them to file their NMCRA claim against the City in the district court in Santa Fe County instead of Chaves

7

County. Section 41-4A-3(B). Whether Section 41-4A-3(B) governs venue for NMCRA claims as opposed to Section 38-3-2 is a question of statutory construction, which we review de novo. *Romero*, 2021-NMSC-009, ¶ 16; *Nguyen v. Bui*, 2023-NMSC-020, ¶ 14, 536 P.3d 482. We give the language of Section 41-4A-3(B) its ordinary and plain meaning and determine that meaning by context and common usage. *Zangara v. LSF9 Master Participation Tr.*, 2024-NMSC-021, ¶ 10, 557 P.3d 111; NMSA 1978, § 12-2A-2 (1997).

{12}    Section 41-4A-3(B) states in its entirety:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body *may maintain an action* to establish liability and recover actual damages and equitable or injunctive *relief in any New Mexico district court*.

(Emphasis added.) This provision was enacted as part of the NMCRA in 2021 and creates a private right of action to enforce the rights guaranteed under the Bill of Rights of the New Mexico Constitution. Among other things, the NMCRA waives sovereign immunity as a defense to such claims. *See* § 41-4A-9. However, unlike other prominent statutes which similarly waive sovereign immunity, the NMCRA does not include an explicit venue provision. *Compare* §§ 41-4A-1 to -13 (2021) (the New Mexico Civil Rights Act) *with* NMSA 1978, § 41-4-18(B) (1976)

(detailing venue requirements for claims under the Tort Claims Act, NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2020)).

{13} The question, therefore, is whether the Legislature intended Section 41-4A-3(B) to act as a venue provision for NMCRA claims and thereby supersede New Mexico's existing venue statutes, including Section 38-3-2. We conclude that Section 41-4A-3(B) is not a venue provision. Put simply, Section 41-4A-3(B) lacks the essential features of a venue provision and we will not construe it as one. Instead, Section 41-4A-3(B) is consistent with statutes that create a statutory cause of action and vest *jurisdiction* in the district courts.

{14} New Mexico law is replete with venue provisions. Without exception, these provisions share two common features: (1) they specify one or more *counties* where venue is proper, and (2) they either establish *venue* explicitly or they identify where an action may be *brought, instituted, commenced, or filed*. *See, e.g.*, § 41-4-18(B) ("*Venue* for any claim against the state or its public employees, pursuant to the Tort Claims Act, shall be in the district court for the county in which a plaintiff resides, or in which the cause of action arose, or in Santa Fe *county*." (emphasis added)); Section 38-3-2 (prescribing the "county" in which a civil action shall be "brought"

9

or "instituted" against a municipality or board of county commissioners).[1] Notably, each of these verbs is strongly associated with the initiation of a lawsuit. *See Bring*

[1]The number of venue provisions using this formulation is vast. The following list is illustrative and almost certainly incomplete: NMSA 1978, § 19-4-21 (1882) (prescribing the "county" where a party may "bring" a suit to resolve an adverse claim for lands disposed of as part of a townsite); NMSA 1978, § 24-17-10(A) (2010) (prescribing the "county" where an action may be "brought" by the attorney general for a violation of the Continuing Care Act); NMSA 1978, § 30-8-8(B) (1963) (prescribing the "county" where a civil action may be "brought" to abate a public nuisance); NMSA 1978, § 30-23-7 (1963) (prescribing the "county" where an action shall be "brought" to recover anything of value from a public officer or employee convicted of unlawful interest in a public contract); NMSA 1978, § 30-33-14 (1967) ("*Venue* is in the *county* in this state where the telecommunication service giving rise to the prosecution was solicited or initiated." (emphasis added)); NMSA 1978, § 36-2-28.2(A) (2011) (prescribing the "county" where an action may be "brought" by the attorney general to prosecute actions related to the unauthorized practice of law); NMSA 1978, § 38-3-1 (1988) (prescribing the "county" or "counties" where civil actions shall be "commenced," "instituted," or "brought" for various types of civil actions); NMSA 1978, § 40-4-4 (1973) (prescribing the "county" where a proceeding may be "instituted" for dissolution of marriage, division of property, or disposition of children or alimony); NMSA 1978, § 42-2-5(A) (1959) (prescribing the "county" where "a petition may be filed" and where the proceeding may be "brought" when the state is the moving party to a condemnation action); NMSA 1978, § 42-6-1 (1951) (prescribing the "county" where a quiet-title action may be "brought"); NMSA 1978, § 42-7-1 (1933) (prescribing the "county" where an action may be "brought" to compel specific performance of a contract of sale of real estate); NMSA 1978, § 48-6-15 (1921) (prescribing the "county" where a suit may be "instituted" under the Agricultural Landlord Liens Act); NMSA 1978, § 50-4-26(B) (2013) (prescribing the "county" where the director may "institute" an action against an employer for failure to comply with the Minimum Wage Act); NMSA 1978, § 57-1-5(B) (1979) (prescribing the "county" where the attorney general may "file" a petition for an order to enforce a demand under the Antitrust Act); NMSA 1978, § 57-12-8(A) (1977) (prescribing the "county" where an action may be "brought" by the attorney general for a violation of the Unfair Practices Act); NMSA 1978, § 57-

*an Action*, *Black's Law Dictionary* (12th ed. 2024) ("To sue; institute legal proceedings."); *Institute*, *Black's Law Dictionary* (12th ed. 2024) ("To begin or start; commence . . . institute legal proceedings."); *Commence*, *Merriam-Webster's Collegiate Dictionary* (11th ed. 2020) ("[T]o have or make a beginning: start."); *File*, *Black's Law Dictionary* (12th ed. 2024) ("To commence a lawsuit.").

13-4 (1987) (prescribing the "county" where an action may be "brought" by the attorney general for a violation of the Pyramid Promotional Schemes Act); NMSA 1978, § 57-16-12 (1973) (prescribing the "county" where a suit may be "brought" for injunctive relief for a violation of the Motor Vehicle Dealers Franchising Act); NMSA 1978, § 59A-16-28(A)-(B) (1984) (prescribing the "county" where the superintendent of insurance shall cause an action to be "instituted" for an unfair or deceptive method of competition, act, or practice); NMSA 1978, § 59A-38-14 (1984) (prescribing the "county" where an action may be "brought" against the attorney-in-fact or underwriters of a Lloyds Plan insurance operation); NMSA 1978, § 59A-46-25(E) (1993) (prescribing the "county" where the superintendent of insurance may "institute" a proceeding for relief for a violation of the Health Maintenance Organization Law); NMSA 1978, § 62-12-2 (1941) (prescribing the "county" where an action shall be "brought" against the Public Regulation Commission to enforce its duties and obligations under the Public Utility Act); NMSA 1978, § 62-12-7 (1941) (prescribing the "county" where an action shall be "brought" to recover penalties under the Public Utility Act); NMSA 1978, § 62-19-8(F) (2020) (prescribing the "county" where the attorney general or district attorney may "institute" a civil action for a violation of Section 62-19-8); NMSA 1978, § 65-2A-4(B)(2) (2023) (prescribing the "county" where the department of transportation may "institute" civil actions to enforce the Motor Carrier Act); NMSA 1978, § 74-4-10.1(E) (1989) (prescribing the "county" where an action by the director may be "brought" to enforce an order under the Hazardous Waste Act); NMSA 1978, § 74-9-28(B) (1990) (prescribing the "county" where an action may be "brought" to enforce a subpoena related to an adjudicatory hearing under the Solid Waste Act).

{15} The language of Section 41-4A-3(B) has none of these features. Unlike our state's myriad venue provisions, the phrase "may maintain an action . . . in any New Mexico district court" in Section 41-4A-3(B) does not specify one or more *counties* where venue is proper for an NMCRA claim. Nor does the statute reference *venue* explicitly or identify where an NMCRA claim may be initiated, whether *brought, instituted, commenced, or filed*. Rather, Section 41-4A-3(B) provides that an NMCRA claim may be *maintained* in any district court, a verb that describes continuing with or participating in an action, rather than initiating one. *See Maintain*, *Black's Law Dictionary* (12th ed. 2024) ("1. To continue (something). 2. To continue in possession of (property, etc.). 3. To assert (a position or opinion); to uphold (a position or opinion) in argument.").

{16} The difference between initiating and maintaining an action is not merely semantic. At least three venue provisions use *institute* to prescribe where the action may be initiated and *maintain* to clarify whether the action may be pursued at all. *See* NMSA 1978, § 21-2A-10 (2019) (prescribing the "county" where an action may be "institute[d]" to contest the validity of proceedings held under the College District Tax Act, provided that "no such suit or action shall be *maintained* unless it is instituted within ten days after the issuance by the proper official of a certificate or notification of the results of the election" (emphasis added)); NMSA 1978, § 21-

12

14A-3(J) (2019) (same for an action under the Off-Campus Instruction Act); NMSA 1978, § 21-14-2(J) (2019) (same for an action "under the branch community college laws"). This distinction is common in non-venue provisions as well. *See, e.g.*, NMSA 1978, § 54-2A-1003 (2007) ("A derivative action may be *maintained* only by a person that is a partner at the time the action is *commenced*." (emphasis added)); NMSA 1978, § 24-15-14(B) (1979) ("No suit or action shall be *maintained* against any ski area operator for injuries incurred as a result of the use of a ski lift or ski area unless the same is *commenced* within three years of the time of the occurrence of the injuries complained of." (emphasis added)). Thus, by providing that an NMCRA claim may be maintained in any New Mexico district court—without establishing venue explicitly or specifying one or more counties where an NMCRA claim may be initiated—Section 41-4A-3(B) is not a venue provision and does not conflict with Section 38-3-2.

{17}   The Real Parties assert Section 41-4A-3(B) must be construed as a venue provision to avoid rendering the phrase "in any New Mexico district court" surplusage. We disagree. The phrase "in any New Mexico district court" has jurisdictional significance in state court proceedings, vesting jurisdiction for NMCRA claims in *district* courts. *See* N.M. Const. art. VI, § 13 ("The district court shall have original jurisdiction in all matters and causes not excepted in this

13

constitution, and such jurisdiction of special cases and proceedings as provided by law."); *see also In re Forest*, 1941-NMSC-019, ¶ 10, 45 N.M. 204, 113 P.2d 582 (defining "special statutory proceedings" as "statutory proceedings to enforce rights and remedies created by statute and which were unknown to the common law"). Numerous statutes creating a right of action similarly establish jurisdiction in district courts. *See, e.g.*, § 41-4-18(A) ("Exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the *district courts* of New Mexico." (emphasis added)); NMSA 1978, § 24-34-5(A) (2023) ("A person claiming to be aggrieved by a violation of the Reproductive and Gender-Affirming Health Care Freedom Act may maintain an action in *district court* for appropriate relief." (emphasis added)). This understanding of the phrase "in any New Mexico district court" undermines the Real Parties' insistence that the phrase must be construed as an open-ended venue provision to avoid reading it out of the statute.

{18} Without language establishing where an NMCRA claim can be *brought, instituted, commenced, or filed*, Section 41-4A-3(B) lacks the essential features of a venue provision. Rather, like many other statutes, it establishes a right to *maintain* a statutory cause of action and vests "any New Mexico district court" with jurisdiction over such an action. Construing Section 41-4A-3(B) as establishing jurisdiction

14

rather than venue provides a harmonious reading with Section 38-3-2 and gives effect to both statutes.

{19} Absent a specific venue provision in the NMCRA, Section 38-3-2 governs venue in all civil actions brought against a municipality or board of county commissioners, including actions under the NMCRA. Nothing in the NMCRA suggests the Legislature intended Section 41-4A-3(B) to be a venue provision, let alone a venue provision that supersedes Section 38-3-2. Accordingly, we reject the Real Parties' argument that it should be construed as such, and hold that Section 38-3-2 governs venue for NMCRA actions. Applying Section 38-3-2 in this case, venue is improper in Santa Fe.

**III. CONCLUSION**

{20} For the foregoing reasons, we hold that (1) Section 41-4A-3(B) establishes jurisdiction in New Mexico district courts over claims brought under the NMCRA and is not a venue provision, and (2) Section 38-3-2 governs venue for NMCRA claims filed against a municipality. For these reasons, we granted the City's verified petition for writ of superintending control and directed Respondent to dismiss for improper venue the lawsuit filed by the Real Parties.

{21}    **IT IS SO ORDERED.**

_____

**DAVID K. THOMSON, Chief Justice**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Justice**

_____
**C. SHANNON BACON, Justice**

_____
**JULIE J. VARGAS, Justice**

_____
**BRIANA H. ZAMORA, Justice**